### WITHOFT v. ANDREWS.

#### SAME v. CUTTING.

(District Court, N. D. California, First Division. August 31, 1914.)

#### Nos. 15352, 15353.

BANKRUPTCY (§ 165*)—PREFERENCES—SECURITY—RECEIPT OF PREFERENCE.

Each of the defendants, directors of the bankrupt corporation, having advanced to it sums aggregating more than $5,000 each, and the company being in need of $1,000 more, one of the director's wives agreed to advance such additional sum on receiving a mortgage from the corporation, which it was agreed as a part of the same transaction should secure $3,500 of the amount advanced to each of the directors. To carry out this arrangement, the mortgage was executed by the corporation for $8,000 to the wife, and she gave a check to the corporation for $8,000, with the understanding that it should give to each of the defendants its check for $3,500, which should be immediately indorsed by defendants and delivered to her. *Held*, that such transaction did not constitute a receipt of $3,500 by each of the defendants, and hence such sum was not recoverable from them by the bankrupt's trustees as a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 266; Dec. Dig. § 165.*]

At Law. Separate actions by T. W. Withoft, as trustee in bankruptcy, etc., against Jesse S. Andrews and against H. C. Cutting. Judgments for defendants.

Mansfield & Newmark, of San Francisco, Cal., for plaintiff.
Wm. H. H. Hart, of San Francisco, Cal., for defendants.

DOOLING, District Judge. These are actions by a trustee in bankruptcy to recover from each defendant the sum of $3,500, alleged to have been received from the bankrupt as preferential payments. Much testimony was taken, which it is not necessary to review, in view of the fact that neither defendant, either in fact or in law, received the amount sued for, or any portion thereof. In this regard the facts are as follows:

Between February and July, 1910, the defendant Cutting, who was a director of the bankrupt corporation, advanced to it various sums, aggregating $5,500, and between April and July of the same year the defendant Andrews, also a director, advanced various sums, aggregating $5,225. On September 2d the company, being in need of $1,000 with which to pay interest upon an outstanding mortgage, Mrs. Andrews, wife of one of the defendants, agreed to lend this sum upon

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

another mortgage. It was also agreed, as part of the same transaction, that $3,500 of the amount advanced by each defendant should be included in this mortgage, for the purpose of securing to him the payment of that much of his claim against the company. This was done, and the mortgage to Mrs. Andrews was made for $8,000, instead of for $1,000, and she gave a check to the company for $8,000, with the understanding that the company should give to each defendant its check for $3,500, and that the checks should be immediately indorsed by the defendants and delivered to her. This arrangement was carried out. The delivery of her check to the company was immediately followed by the delivery of the company's check to each of the defendants, and the indorsement and transfer of the checks to her. The effect of this transaction was not the receipt of any money by the defendants, nor the payment of their claims, but the securing by the Andrews mortgage of their claims to the extent of $3,500 each. It was a roundabout and unnecessary method to pursue to accomplish this; but the method is not material, considering the purpose and effect of the transaction as a whole. Neither of the defendants has received anything from the mortgage, and probably never will. It would be unjust, therefore, to compel them to pay $3,500 each to the trustee, in addition to the amounts which they have already advanced to the bankrupt company.

Judgment will therefore be entered in their favor.